CLAFLIN, Ex parte. See Cases Nos. 17,387 and 17,388.

CLAFLIN (SMITH v.). See Case No. 13,026.

## Case No. 2,777.

### CLAFLIN v. STEINBERG.

[2 Dill. 324.][1]

Circuit Court, D. Kansas. 1871.

PRACTICE—POWER OF JUDGE IN VACATION — DISCHARGING ATTACHED PROPERTY.

1. One of the judges of the circuit court will not, against the objection of the adverse party, hear in vacation a motion to discharge property attached pursuant to the local laws of the state, although the motion is one which may be properly made and heard by the court in term.

2. The provision of the state attachment act, that such a motion may be made in vacation before, and decided by, the state judge, in whose court the action is pending, has, although the attachment act be adopted by rule in the federal court, no application to the judges of the latter tribunal.

On motion to discharge property attached. The plaintiff, a citizen of New York, brought an action in the circuit court of the United States for the district of Kansas, against the defendant, a citizen of that state. The action was commenced by attachment, and property of the defendant was seized under the writ, and is in the custody of the marshal. By rule, the court has adopted the statutes of Kansas in relation to practice and proceedings at law when not inconsistent with the constitution and laws of the United States, including the attachment act of that state. By that act it is made a ground of attachment that the debt for which the suit is brought was fraudulently created or incurred; and the plaintiff made an affidavit to this effect in this case. It is also pro-

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

vided in this act that the defendant may move to discharge the attached property; and the practice in the state courts under this statute is to receive affidavits in support of such a motion, and counter-affidavits in opposition to it. In other words, the truth of the ground for the attachment is, in this manner, inquired into, and if found not to be true the property attached is ordered to be discharged. Gen. St. Kan. 672, §§ 228, 229. By a statute of Kansas relating to the district courts of the state it is provided, among other powers of the district judges, that they may in vacation hear motions to dissolve injunctions, and to discharge attached property. Id. 304, § 2. In the present case, commenced, as above stated, by attachment, the defendant gave to the plaintiff notice that he would move before the circuit judge at his chambers in the city of Davenport, to discharge the attached property, and the motion was, by consent, postponed, to be heard before the circuit judge at his chambers in the city of St. Louis, on October 5, 1871. Accordingly, on that day the parties appeared; the defendant's counsel producing affidavits to negative the truth of the cause alleged for the attachment. The plaintiff's counsel produced counter-affidavits, and made the point that the motion could not be heard at chambers.

Fenlon & Stillings, for the motion.

John M. Krum, Henry M. Herman, and Hiram Griswold, opposed.

DILLON, Circuit Judge. The federal circuit court for Kansas has adopted the attachment act of the state, and under it the writ of attachment was issued. That act provides that a motion may be made to discharge the attached property, and it is admitted to be the settled practice under it that such a motion may be grounded upon a denial of the truth of the cause stated for the attachment, and may be supported and opposed by affidavits. Accordingly, I have no doubt that the court in term may entertain and hear this motion. Garden City Co. v. Smith [Case No. 5,217].

But may it be heard and decided by one of the judges of the court in vacation? Without going at large into a discussion of the question of power, it is my judgment that I ought to decline to act upon the motion, even if I have the authority to hear it at chambers. The circuit court does not derive its jurisdiction, nor its judges their powers, from the state legislation; and the statute of the state which authorizes a state judge to hear in vacation a motion to discharge attached property, has no application, and can have none, to the federal court or its judges. There is no act of congress giving the federal judges this power, and there has been no rule adopted authorizing such a practice. Whether it would be competent to adopt such a rule I need not inquire. The state court is held by a single judge, who resides near the place where the suit is pending, and, for convenience. the legislature has authorized him to hear in vacation a matter which the same judge would otherwise hear in term. But there are three judges entitled to seats in the federal circuit court, two of them living hundreds of miles distant from the district. If I must hear this motion, as a matter of right so might either of the other judges. Such a practice would be inconvenient and expensive; but the chief objection to it is, that it would deprive the plaintiff of the right to a decision of the question by the court, which sits in the state, and which the law contemplates shall, whenever practicable, be held by two judges, and not by one.

This may be illustrated by the practice established by the United States statutes when there is a difference of opinion between the federal judges. In such an event, the legal questions involved must be certified to the supreme court; for the opinion of neither judge can then prevail. But the practice contended for in this case involves a practical disregard of that plain requirement of the federal statute. and the assumption of authority not intended to be vested in one judge of the court without respect to the opinion of his associate. Motion denied.